The presiding Judge,
in charging the jury, told them, that an administrator might take upon him to sell the personal estate of the intestate if he thought proper, without permission from the ordinary ; and that his bill of sale was valid to the purchaser, who would be protected in the purchase. That there was nothing in the executors’ law (clause 19th) which took away the powers given by law to administrators on this head, to dispose of the goods and chattels of the intestate. That an administrator was chargeable with a deceased man’s estate, the moment he qualified and took upon him the burthen of the administration, and an action would lie against him in the same manner as against an executor ; and he is bound to pay off the debts of the deceased in the same manner, as far as the effects of the intestate will extend. That the administrator has a special property in the goods of the intestate, and he may do all acts which are incumbent on an executor to perform; he may sell all kinds of goods which are in their nature pe-> rishable, or which might be worse for keeping, or for payment of debts; there was nothing in this act which took away any of the powers vested in an administrator by law, and it would be a most dangerous thing to take them away by construction or implication ; it would be against every principle of the common law. The law, he observed, was very favourable to sales made to fair and bona fide purchasers of property, at those kinds of sales made for the benefit of deceased men’s estates by administrators, and therefore it is laid down, that if the ordinary grants administration to a stranger, and the next of kin sues out a citation from the spiritual court to have the administration revoked, and pending the suit the administrator sells goods to defeat the next pf kin, and then letters of administration to the stram ger are revoked and made null by sentence ; yet, in this case, the sale made by the administrator is good and valid in law.
The jury in conformity to the judge’s charge, found a verdict for the defendant in favour of the sale, This, *323 therefore, was a motion for a new trial on the ground o f misdirection, and as a verdict against law.
The Judges after hearing arguments in favour of the motion, thought it unnecessary to hear arguments against it, as they were unanimously of opinion, that the legal principles laid down by the presiding judge to the jury were perfectly correct, and therefore refused the new trial.
Rule discharged.
All the Judges present